**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| MARTHA P. HOOTS formerly known as MARTHA P. SIMS,<br><br>  Plaintiff,<br><br>vs.<br><br>D. EARL HARRIS, LaVERNE HARRIS, et. al.,<br><br>  Defendants. | 3:11-cv-00109-ECR-VPC<br><br><br><br><br>**Order** |

On February 15, 2011, Defendant Union Pacific Railroad Company ("Union Pacific") filed a Notice of Removal (#1) based on diversity jurisdiction and the action was removed to this Court. On March 7, 2011, Union Pacific filed a Statement Regarding Removal (#4) providing that the Notice of Removal (#1) was filed within thirty days after Union Pacific was served with the summons and complaint, and that Union Pacific knows of no other defendant who was served before the filing of the Notice of Removal (#1). Union Pacific also alleged that complete diversity seemed to exist, as Plaintiff is a citizen of Nevada, and Defendants are citizens of Delaware, Nebraska, and Utah.

On July 5, 2011, the parties filed a Stipulation and Order for Dismissal (#6) stating that this matter has been settled between Plaintiff and Union Pacific, and seeking to dismiss Union Pacific.

The stipulation was approved and Union Pacific was dismissed on September 22, 2011.

On July 19, 2011, Plaintiff filed a Motion to Remand to State Court (#7) on the basis that after the dismissal of Union Pacific, there is no evidence that the amount in controversy between Plaintiff and the remaining Defendants would exceed the sum of $75,000.00, or that there is diversity between Plaintiff and the remaining Defendants. On August 8, 2011, Defendants the Estate of Vera S. Holmes, the Estate of Wendell B. Holmes, the Estate of Golden C. Sill, the Estate of Genevieve Sill, and Diatra Wilko as Successor Trustee of the Sill Family Trust dated 06/25/1992 (collectively, the "opposing Defendants") filed an opposition (#10) to Plaintiff's Motion to Remand (#7).  The opposition (#10) was signed by Diatra Wilko, *pro se*.

In the opposition (#10), the opposing Defendants state that they are residents of Utah, and that the amount in controversy exceeds $75,000.00 because the property in dispute is mineral rights underneath 640 acres, with potential values of $249,600.00 to $1,280,000.00.  The opposing Defendants filed declarations in support of their claim that the monetary amount of royalties at stake in this action are for hundreds of thousands to millions of dollars.  The opposing Defendants also state that "they had previously filed their Answer in April 2011, but for some reason it was not received by the Federal Court in Nevada" and concurrently filed an Answer (#8).

As a threshold matter, we considered whether removal itself was improper because Union Pacific removed without the consent or joinder of other Defendants to this action.  The unanimity rule provides that removal requires the consent or joinder of all defendants. <u>Atlantic</u>

1  Nat'l. Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 933 (9th Cir.
2  2010) (citing Chicago Rock Island & Pac. Ry. Co. v. Martin, 178 U.S.
3  245, 248 (1900)).  However, "a party not served need not be joined;
4  the defendants summonsed can remove by themselves."  Salveson v. W.
5  States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984), superceded
6  by statute on unrelated grounds.

7       It is not clear from any of the papers filed in this Court
8  whether Defendants other than Union Pacific had been served at the
9  time Union Pacific removed the action to this Court.  Plaintiff is
10 not, however, asserting that the unanimity rule for removal was
11 violated.  Nor have any defendants filed objections to this federal
12 forum.  The only defendants who have appeared, whether improperly or
13 not, have opposed Plaintiff's Motion to Remand (#7).  Therefore, we
14 will not remand at this time on the basis that the unanimity rule may
15 have been violated.

16      On August 18, 2011, Plaintiff replied (#12) in support of her
17 Motion to Remand (#7), arguing that a *pro se* party has no right to
18 sign pleadings or documents on behalf of any other party.  The
19 opposing Defendants' opposition (#10) is only signed by Diatra Wilko
20 as Successor Trustee of the Sill Family Trust dated 06/25/1992, *pro
21 se*.  Federal Rule of Civil Procedure 11(a) requires that "[e]very
22 pleading, written motion and other paper must be signed . . . by a
23 party personally if the party is unrepresented."  As a result,
24 Plaintiff argues that the only legitimate opposition to her Motion to
25 Remand (#7) is from Defendant Sill Family Trust.

26      There is, however, a bigger defect in the opposition (#10).
27 "Corporations and other unincorporated associations must appear in

28                                  3

court through an attorney." In re America W. Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (citations omitted). This rule "prohibits *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (trustee may not appear *pro se* because he is not the person who by substantive law has the right sought to be enforced).

After the Motion to Remand (#7) was opposed *pro se*, counsel for Defendants Vera S. Holmes, Wendell B. Holmes, Golden C. Sill, Genevieve Sill, Eldon E. Sill, Marie M. Sill as Trustees of the Sill Family Trust filed a Notice of Appearance (#15). No proper opposition to the Motion to Remand (#7), however, has been filed by counsel.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants shall have fourteen days within which to oppose the Motion to Remand (#7). Absent such an opposition, the Motion to Remand (#7) may be granted.

DATED: November 1, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

4