**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| MARTHA P. HOOTS formerly known as MARTHA P. SIMS,<br><br>　　Plaintiff,<br><br>vs.<br><br>D. EARL HARRIS, LaVERNE HARRIS, et. al.,<br><br>　　Defendants. | 3:11-cv-00109-ECR-VPC<br><br><br><br><u>**Order**</u> |

On February 15, 2011, Defendant Union Pacific Railroad Company ("Union Pacific") filed a Notice of Removal (#1) based on diversity jurisdiction and the action was removed to this Court. On March 7, 2011, Union Pacific filed a Statement Regarding Removal (#4) providing that the Notice of Removal (#1) was filed within thirty days after Union Pacific was served with the summons and complaint, and that Union Pacific knows of no other defendant who was served before the filing of the Notice of Removal (#1). Union Pacific also alleged that complete diversity seemed to exist, as Plaintiff is a citizen of Nevada, and Defendants are citizens of Delaware, Nebraska, and Utah.

On July 5, 2011, the parties filed a Stipulation and Order for Dismissal (#6) stating that this matter has been settled between Plaintiff and Union Pacific, and seeking to dismiss Union Pacific.

The stipulation was approved and Union Pacific was dismissed on September 22, 2011.

On July 19, 2011, Plaintiff filed a Motion to Remand to State Court (#7) on the basis that after the dismissal of Union Pacific, there is no evidence that the amount in controversy between Plaintiff and the remaining Defendants would exceed the sum of $75,000.00, or that there is diversity between Plaintiff and the remaining Defendants. On August 8, 2011, Defendants the Estate of Vera S. Holmes, the Estate of Wendell B. Holmes, the Estate of Golden C. Sill, the Estate of Genevieve Sill, and Diatra Wilko as Successor Trustee of the Sill Family Trust dated 06/25/1992 (collectively, the "opposing Defendants") filed an opposition (#10) to Plaintiff's Motion to Remand (#7). The opposition (#10) was signed by Diatra Wilko, *pro se*.

In the opposition (#10), the opposing Defendants state that they are residents of Utah, and that the amount in controversy exceeds $75,000.00 because the property in dispute is mineral rights underneath 640 acres, with potential values of $249,600.00 per year to $1,280,000.00 per year. The opposing Defendants filed declarations in support of their claim that the monetary amount of royalties at stake in this action are for hundreds of thousands to millions of dollars. The opposing Defendants also state that "they had previously filed their Answer in April 2011, but for some reason it was not received by the Federal Court in Nevada." Defendants also filed an Answer (#8).

On August 18, 2011, Plaintiff replied (#12) in support of her Motion to Remand (#7), arguing that a *pro se* party has no right to sign pleadings or documents on behalf of any other party. The opposing Defendants' opposition (#10) is only signed by Diatra Wilko

2

as Successor Trustee of the Sill Family Trust dated 06/25/1992, *pro se*. Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion and other paper must be signed . . . by a party personally if the party is unrepresented." As a result, Plaintiff argues that the only legitimate opposition to her Motion to Remand (#7) is from Defendant Sill Family Trust.

After the Motion to Remand (#7) was opposed *pro se*, counsel for Defendants Vera S. Holmes, Wendell B. Holmes, Golden C. Sill, Genevieve Sill, Eldon E. Sill, Marie M. Sill as Trustees of the Sill Family Trust filed a Notice of Appearance (#15). We ordered that Defendants file a proper opposition to the Motion to Remand (#7), and on November 14, 2011, Defendants filed their second opposition (#26), reiterating the arguments made in the *pro se* opposition (#10).

Plaintiff is a resident of the State of Nevada. Defendants are residents of the State of Utah. Defendants argue that the value of the mineral rights at issue in this case exceeds $75,000.00. Defendants include an affidavit of Diatra Wilko stating that the value of the mineral rights based on the value of mineral leases is potentially $256,000.00 per year to $1,280,000.00 per year. Defendants claim an interest in the mineral rights lying under Section 17, Township 38 North, Range 60 East, a total of 640 acres. Defendants also include a declaration by the General Director of Real Estate Contracts with Union Pacific Railroad Company, who stated that Union Pacific's interest was in approximately 48.5 acres, the value of which would exceed $75,000.00.

When the complaint does not specify the amount of damages sought, "the party seeking removal under diversity bears the burden of

3

showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." <u>Lewis v. Verizon Comm., Inc.</u>, 627 F.3d 395, 397 (9th Cir. 2010).  Plaintiff seeks a judgment that Defendants be adjudged to have no right, title, interest, lien or claim whatsoever against the property rights at issue in this case. Defendants have shown, by a preponderance of the evidence, that the mineral rights at issue have value that exceeds $75,000.00.  Plaintiff argues that Defendants have not specified exactly how much interest they have in the mineral rights, and without that specification, Defendants have not met their burden.  However, we are satisfied that Defendants have set forth enough evidence from which we may conclude that the mineral rights at issue are of sufficiently high value. Plaintiff seeks a judgment excluding Defendants from any interest in those rights.   Because the parties are diverse and the amount in controversy has been met, Plaintiff's Motion to Remand (#7) is **DENIED**.

DATED: February 1, 2012.

_____
UNITED STATES DISTRICT JUDGE